UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Jose Luis Velazquez,

      Plaintiff,

   v.                                                  Civil Action No. 2:11-CV-60

Vermont Department of Corrections,
Southern State Correctional Facility,

      Defendant.

## REPORT AND RECOMMENDATION
(Doc. 1)

      Plaintiff Jose Luis Velazquez, a Vermont inmate proceeding *pro se*, seeks to file a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for leave to proceed *in forma pauperis*. Because his filings satisfy the requirements of 28 U.S.C. § 1915, the motion for leave to proceed *in forma pauperis* (Doc. 1) is GRANTED. However, the complaint is brought against a state agency and a correctional facility, both of which are immune from suit in federal court. The complaint also sets forth legal conclusions with no supporting facts. Accordingly, as set forth more fully below, I recommend that the complaint be DISMISSED with leave to amend.

      Having found that Plaintiff meets the financial criteria for commencing this case *in forma pauperis*, Title 28 requires that the Court consider the sufficiency of the allegations set forth in his complaint. Specifically, 28 U.S.C. § 1915(e) directs that when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the

court determines that . . . the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Similarly, 28 U.S.C. § 1915A requires the court to review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both § 1915 and § 1915A are available to evaluate prisoner pro se complaints).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Twombly v. Bell Atlantic Corp.*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Id.* at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

Furthermore, while a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*  "Threadbare recitals

of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Indeed, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal citations and alterations omitted).

Here, Velazquez states that he is the "victim of daily bias and prejudice due to my religions (muslim) and my ethnicity (Puerto Rican) and my disability (amputee) by several DOC employees including administration." (Doc. 1-2 at 3.) This single sentence is his entire statement of his claim. Velazquez offers no facts elsewhere in the complaint to support his allegations of "bias and prejudice," identifies no individuals involved in such alleged misconduct, and has thus provided the Court with only "unadorned" legal conclusions. *Iqbal*, 129 S. Ct. at 1949. Consequently, as the Supreme Court made clear in *Iqbal*, his complaint as currently drafted fails to state a legally cognizable claim.

Furthermore, both defendants – the Vermont Department of Corrections and the Southern State Correctional Facility – are entitled to immunity from suit in federal court. The Eleventh Amendment bars suits against states and state agencies unless the State expressly waives its immunity or Congress validly abrogates that immunity. *See generally Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 72-73 (1996). This immunity applies to claims for injunctive relief. *See McMillan v. New York State Bd. of Elections*, 2010 WL 4065434, at *3 (E.D.N.Y. Oct. 15, 2010) (citing *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)).

3

Relevant to this case, Congress has not abrogated Vermont's sovereign immunity from a § 1983 suit in federal court. *See Quern v. Jordan*, 440 U.S. 332, 340-45 (1979) (Section 1983 does not abrogate state's sovereign immunity). As to consent by the State, the State of Vermont has expressly preserved its sovereign immunity under the Eleventh Amendment. *See, e.g.*, 12 V.S.A. § 5601(g). The Vermont Department of Corrections, as a state agency, and Southern State Correctional Facility, as a prison operated by the Department of Corrections, are thus each entitled to immunity under the Eleventh Amendment. *See, e.g. Davis v. New York*, 316 F.3d 93, 101 (2d Cir. 2002) (recognizing Eleventh Amendment immunity for Department of Corrections and prison facility).

I therefore recommend that the complaint in this case be DISMISSED. The Second Circuit has held that, in general, when a *pro se* action is dismissed *sua sponte*, the plaintiff should be allowed to amend his or her complaint. *See Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999); *see also* Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when justice so requires"). Accordingly, I further recommend that Velazquez be allowed thirty (30) days in which to file an amended complaint. Failure to comply with this deadline should result in the dismissal of his complaint with prejudice. Because I am recommending that the complaint be dismissed, the U.S. Marshals Service need not undertake service of the complaint at this time.

Dated at Burlington, in the District of Vermont, this 15th day of March, 2011.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2), 6(a), 6(d); L.R. 72(c). Failure to timely file such objections operates as a waiver of the right to appellate review of the District Court's adoption of such Report and Recommendation. *See* Fed. R. Civ. P. 72(a); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).